IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>GEORGE BADGER, ET AL.,<br><br>　　　　Defendants. | ORDER<br><br>Case No. 2:97-CV-963K<br><br>Judge Dale A. Kimball |

　　　　This matter is before the court on the Motions to Quash filed on behalf of Defendant George Badger, his wife LaJuana Badger, and SB Trust (collectively, "Respondents"). Plaintiff, Securities and Exchange Commission ("SEC"), has filed an Opposition to Motions to Quash Subpoenas, and the Respondents filed a joint reply memorandum. The parties did not request a hearing on the motions, and the court concludes that a hearing would not significantly aid in its determination of the motions. Accordingly, the court enters the following Order based on the parties' written submissions.

　　　　The SEC issued the subpoenas as part of its efforts to enforce a 2004 Final Consent Judgment in this case against George Badger. The judgment against Badger was for approximately $19,000,000. Badger now owes the SEC over $31,000,000, and has paid only $2,050. The SEC is attempting to determine Badger's financial condition.

George Badger moves to quash five subpoenas which were being served upon: David G. Badger; Karl F. Badger; Leland S. McCullough, Jr.; Dale E. Anderson; and Thomas E. Stamos. LaJuana Badger and SB Trust both move to quash subpoenas being served upon: J.P. Morgan Chase Bank, NA; First Trust Corporation; TD Ameritrade; Key Bank Corp.; Westminster Securities Corporation; EXCO-North Coast Energy, Inc.; American Resources and Development Co.; David G. Badger; Karl F. Badger; Leland S. McCullough Jr.; Dale E. Anderson; Keith Ellison; Donald H. Pickett; and Thomas E. Stamos.

Of the challenged subpoenas, the SEC withdrew the subpoenas to Leland S. McCullough, Jr., and Thomas E. Stamos, prior to service. Therefore, those subpoenas are not at issue. The SEC also acknowledges that the subpoenas served on Badger's sons, David G. Badger and Karl F. Badger, are overly broad. The SEC agrees that these subpoenas should seek only financial documents and records from January 1, 2003 to the present. Respondents argue that the acknowledgment by the SEC that the subpoenas were too broad was an intimation that revised subpoenas would be issued and a concession that these subpoenas should be quashed. The court, however, reads the acknowledgment that the subpoenas are too broad and should be narrowed to include financial information as an argument that the subpoenas should be construed as so narrowed and not quashed. While Respondents assert that the parties will wait to see the revised subpoenas, they do not present any argument against why the narrowed construction applying the subpoena to only financial records would be objectionable. The court finds that the SEC's narrowing of the scope of the subpoenas served on David G. Badger and Karl F. Badger to include only financial records during the requested time period resolves the objections with respect to those subpoenas.

With respect to the remaining subpoenas, the Federal Rules of Civil Procedure and the

Federal Debt Collection Procedure Act, 28, U.S.C. § 3001, allow the SEC to conduct discovery regarding the financial condition of the debtor "in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt." 28 U.S.C. § 3015. Rule 69(a)(2) of the Federal Rules of Civil Procedure allows discovery "from any person" in aid of a money judgment.

      The government asserts that it is entitled to conduct discovery regarding George Badger's financial condition because he has failed to pay any significant amounts on his judgment and has made inconsistent statements regarding the ownership of assets. Respondents, however, claim that the discrepancies are not significant and discovery of information from nonparties should be limited. Respondents, however, address only selected discrepancies.. For instance, Respondents state it is not a discrepancy for Badger to state that his wife is not employed and to have his wife listed as a homemaker on the couple's joint tax return. However, the tax return lists Badger's wife as a homemaker and includes a schedule that identifies her as the sole proprietor of a business named "LaJuana Badger . . Trader." LaJuana Badger's sole proprietorship raises questions, even if not much money appears to be at issue with respect to that proprietorship on the tax return. Respondents, however, do not address the sole proprietorship.

      The only subpoena at issue with respect to George Badger's motion to quash is the subpoena served on Dale E. Anderson. Badger retained Anderson for accounting work and acknowledges that the accounting work is not privileged. The SEC argues that while Anderson is an attorney, Badger does not state that he retained him for legal representation. In reply, Badger claims that it is his belief that he retained Anderson for some legal work. That belief, however, is not a basis for quashing an entire subpoena. Rather than a blanket assertion of privilege, if Anderson has documents that are subject to the attorney-client privilege or are

otherwise privileged, he must comply with Rule 45(d)(2) of the Federal Rules of Civil Procedure and provide a description of any documents withheld.  The court, however, will allow Badger twenty days to review the documents produced by Anderson so that he can assert the attorney-client privilege on selected documents prior to the SEC's review.  In asserting the privilege with respect to certain documents, Badger must also comply with Rule 45(d)(2).

Respondents argue that the subpoenas issued related to LaJuana Badger and the SB Trust constitute a "fishing expedition."  However, the subpoenas related to LaJuana's finances seek documents that would allow the SEC to determine whether or to what extent her finances are commingled with her husband's.  She hold accounts jointly with her husband and the couple files joint tax returns.  Badger had informed the SEC that in December 2008, an accountant, Keith Ellison, has "just finished separating my accounting from Lajuana's."  The SEC is entitled to documents from Ellison regarding Badger's finances both before and after "separating" the accounting from his wife's.

There are similar relevant questions regarding income that George and LaJuana Badger received from SB Trust.  The couple's 2007 federal joint tax return reports $75,000 in interest income from SB Trust.  While Badger claims that his relationship with the ST Trust during the time period covered by the subpoenas has been nonexistent, the tax return suggests otherwise.  The SEC is entitled to discover documents from SB Trust in order to conduct its own determination regarding Badger's relationship with the Trust.  Respondents argue that the SEC is not entitled to information regarding money that SB Trust is paying to Badger's "household."  However, that "household" income is being reported on a joint tax return.  The court does not find the subpoenas related to SB Trust to be improper.

As discussed above, the court denies the Motions to Quash filed on behalf of George

Badger, LaJuana Badger, and SB Trust.

DATED this 26th day of March, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge